**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **MICHAEL HARRINGTON,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **V.** | § | **CIVIL ACTION NO. 4:20-CV-02633** |
| | § | |
| **THE ART INSTITUTES INTERNATIONAL** | § | |
| **LLC,** | § | |
| | § | |
| **Defendant.** | § | |

**DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S ORIGINAL COMPLAINT AND
MOTION FOR INJUNCTION**

NOW COMES Defendant The Arts Institutes International, LLC ("**Defendant Ai**"), and moves the Court, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, to dismiss the above-captioned case filed by Plaintiff Michael Harrington ("**Plaintiff**" or "**Harrington**") as duplicative of his earlier-filed case styled *U.S. ex rel. Michael Andrew Harrington v. The Art Institutes International LLC et al.*, Civil Action No. 4:20-cv-2445, currently pending in this Court before the Hon. Andrew S. Hanen (the "**Qui Tam Lawsuit**"). Defendant Ai further moves that Plaintiff be enjoined from filing any additional lawsuit in Texas arising from the same facts as alleged in the Qui Tam Lawsuit. Defendant Ai would respectfully show the Court as follows:

**I.     BACKGROUND**

Plaintiff, by and through counsel of record, filed the Qui Tam Lawsuit on July 8, 2020. In the Qui Tam Lawsuit, Plaintiff named as defendants Defendant Ai, it's subsidiary company Art Institute of Houston LLC dba DC Art Institute of Houston, LLC (incorrectly styled in the Qui Tam Lawsuit as two separate entities) ("**Ai Houston**"), and Studio Enterprise LLC.

On July 27, 2020, by and through different counsel, Plaintiff filed with this Court the above-captioned case (the "**Civil Lawsuit**" or "**Second Lawsuit**"), naming Defendant Ai as the sole defendant.

Then, on October 13, 2020—after the undersigned counsel for Defendant Ai had filed an appearance in the Qui Tam Lawsuit—Plaintiff filed (through a third counsel of record) a third lawsuit, styled *Michael Harrington v. Education Principle Foundation dba Art Institute of Houston dba Art Institute of Dallas, a Branch of Miami Int'l Univ. of Art & Design*, Civil Action No. 3:20-cv-03120, currently pending in the Northern District of Texas, Dallas Division (the "**Northern District Lawsuit**" or "**Third Lawsuit**").

The Qui Tam Lawsuit, Civil Lawsuit, and Northern District Lawsuit (together, the "**Lawsuits**") arise from the same set of operative facts.  Specifically, Plaintiff claims in all three Lawsuits that Defendant Ai and/or its subsidiary, Ai Houston, violated the False Claims Act by: (i) allegedly instructing Plaintiff, its putative employee, to obtain executed enrollment agreements from approximately 150 individuals who did not attend Defendant Ai's Houston campus, in an attempt to defraud the U.S. Government; and (ii) terminating Plaintiff's employment allegedly in retaliation for his refusal to assist Defendant Ai in these attempts.  Indeed, virtually all the factual allegation paragraphs in the Civil Lawsuit are word-for-word duplicates of those set forth in the Qui Tam Lawsuit.[1]  However, at no time did Plaintiff or any of his counsel of record advise the Court of the pendency of these related cases, as required by the Local Rules of the U.S. District

---

[1] *See, e.g.*, Qui Tam Complaint ¶¶ 24-31, 34, 35; Civil Complaint ¶¶ 14-24, 26-27. *See also* Qui Tam Complaint ¶ 23; Civil Complaint ¶ 12 (both alleging, in relevant part, that "Defendant[] had submitted FAFSA applications on behalf of approximately 150 student applicants who had not formally enrolled in [the school for] the 2019-2020 academic year" in order that Defendant Ai would receive "approximately $2 million [from the federal government]— representing 585 course credits—for students who did not attend the school").

Court for the Southern District of Texas LR5.2 and the Northern District of Texas's Local Rules LR 3.3.

II.    **ARGUMENT AND AUTHORITIES**

A.    **THE COMPLAINT SHOULD BE DISMISSED PURSUANT TO RULE 12(b)(1).**

The U.S. Supreme Court has held that a lawsuit may be dismissed for lack of subject matter jurisdiction "where the alleged claim under the Constitution or federal statutes clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous."[2]

Here, Plaintiff intentionally sought out and retained three separate counsel to file three separate lawsuits against Defendant Ai and/or its subsidiary, Ai Houston, in multiple jurisdictions throughout Texas.  Each of the Lawsuits duplicates (in some instances, word-for-word) the same factual allegations and causes of action.  Clearly, the above-captioned case was not filed in the pursuit of justice; instead, it is a frivolous and malicious lawsuit which unnecessarily burdens Defendant Ai and the Court.  Accordingly, this matter should be dismissed pursuant to Federal Rule 12(b)(1).

B.    **THE COMPLAINT SHOULD BE DISMISSED UNDER THE FIRST-TO-FILE DOCTRINE.**

Because the Second Lawsuit asserts the same factual allegations and claims against Defendant Ai as the First Lawsuit, the Second Lawsuit should be dismissed as impermissively duplicative.

---

[2] *Bell v. Hood*, 327 U.S. 678, 682–83 (1946).

"As between federal district courts, … the general principle is to avoid duplicative litigation."[3]  When a plaintiff brings duplicative lawsuits, the Court may either consolidate the two actions or dismiss the subsequent action without prejudice to plaintiff pursuing his other case.[4] "Ordinarily, however, the courts dismiss the later-filed action in favor of the case that was filed earlier."[5]  The "first-to-file" rule is based on "principles of comity and sound judicial administration."[6]  "The concern manifestly is to avoid the waste of duplication, to avoid rulings which may trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform result."[7]

The instant action includes repetitive litigation of the same claims Plaintiff asserted against Defendant Ai in the previously filed Qui Tam Lawsuit. His allegations against Defendant Ai in this Second Lawsuit all arise from the same common nucleus of operative facts asserted in the Qui Tam Lawsuit currently before Judge Hanen and are thus foreclosed from review in this proceeding as duplicative and under the traditional notions of *res judicata*.  To prevent inconsistent decision-making and duplicative judicial review, the instant action should be dismissed.

## C.    PLAINTIFF SHOULD BE ENJOINED FROM FILING FURTHER ACTIONS AGAINST DEFENDANT.

Pursuant to the All Writs Act and *Southwest Airlines*, Defendant Ai asks this Court to order Plaintiff to refrain from instituting any other litigation against Defendant Ai or any of its parent or

---

[3] *Colorado River Water Conservation Dist. v. U. S.*, 424 U.S. 800, 817, 96 S. Ct. 1236, 1246, 47 L. Ed. 2d 483 (1976) (collecting cases).
[4] *McGill*, 2003 WL 21355439 at *2.
[5] *Id.*; *accord Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir. 1993) (holding "[a] district court would be fully justified in dismissing a… complaint that is duplicative of prior federal court litigation then being pursued by the same plaintiff.").
[6] *Save Power Ltd. v. Syntek Fin. Corp.*, 121 F.3d 947, 950 (5th Cir. 1997); *see, generally*, *West Gulf Maritime Ass'n v. ILA Deep Sea Local 24*, 751 F.2d 721, 729 (5th Cir. 1985).
[7] *West Gulf*, 751 F.2d at 729.

subsidiary companies in any state or federal court in the State of Texas based on the alleged events set forth in the Complaint filed in the Qui Tam Lawsuit.

"The All Writs Act 'empowers a federal court to enjoin a party before it from attempting to relitigate an issue in a state court, to prevent any interference with the federal court's judgment.'"[8]  Courts have also used the authority of the All Writs Act to enjoin plaintiffs from relitigating the same issue in federal court.[9]  Likewise, the Court in *Southwest Airlines* issued an injunction prohibiting the plaintiffs from bringing further action in a state or federal court in Texas in connection to the events that had been the subject of previous litigation.[10]

As detailed above, Plaintiff is attempting to litigate, through separate counsel, the exact same claims in (i) the above-captioned case, (ii) the Qui Tam Lawsuit that he previously filed with this Court, and (iii) his later-filed Northern District Lawsuit.  Given Plaintiff's demonstrated propensity to institute repeated litigation arising from the same alleged events, asserting the same causes of action against the same parties, Defendant Ai is entitled to an injunction against Plaintiff, preventing him from instituting any further such litigation.

## III.   CONCLUSION

Defendant Ai respectfully requests that its Motion to Dismiss be granted, that the above-styled case be dismissed, and that Plaintiff be enjoined from bringing any further litigation in the

---

[8] *Foyt v. Championship Auto Racing Teams, Inc.*, 947 F. Supp. 290, 294 (S.D. Tex. 1996) (citing *In re Ocean Ranger*, 617 F.Supp. 435, 436 (E.D.La.1985)).

[9] *See, e.g. Foyt*, 947 F. Supp. at 294 (ordering plaintiffs to refrain from instituting any other litigation against defendant in any state or federal court in Texas based on the events and evidence the Court previously examined); *see also Municipal Energy Agency v. Big Rivers Elec. Corp.*, 804 F.2d 338 (5th Cir.1986) ("District courts have discretion to enjoin the filing of related lawsuits in other U.S. district courts") (citing *Kerotest Mfg. Co. v. C–O–Two Fire Equipment Co.*, 342 U.S. 180, 183–84, 72 S.Ct. 219, 221, 96 L.Ed. 200 (1952); *Schauss v. Metals Depository Corp.*, 757 F.2d 649, 654 (5th Cir.1985)).

[10] *Sw. Airlines Co. v. Tex. Intern. Airlines, Inc.*, 546 F.2d 84, 89-91 (5th Cir. 1977).

state of Texas against The Arts Institutes International, LLC or any of its parent or subsidiary companies based on the events alleged in the Qui Tam Lawsuit.

Defendant Ai further requests that it be granted such other and further relief, in law or equity, as the Court deems just and proper.

Respectfully submitted,

*/s/ Arthur V. Lambert*
Arthur V. Lambert
Texas State Bar No. 11841250
Federal Bar No. 18785
ATTORNEY-IN-CHARGE
Theanna Bezney
Texas State Bar No. 24089243
FISHER & PHILLIPS LLP
500 N. Akard Street, Suite 3550
Dallas, TX  75201
Tel: (214) 220-9100
Fax: (214) 220-9122
alambert@fisherphillips.com
tbezney@fisherphillips.com

**COUNSEL FOR DEFENDANT THE ARTS
INSTITUTES INTERNATIONAL LLC**

## CERTIFICATE OF SERVICE

I hereby certify that on October 22, 2020, a copy of this instrument was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF System.

*/s/ Arthur V. Lambert*
Arthur V. Lambert